Turcotte, P. J.
The judge found a violation of Chapter 93A arising out of the sale of an automobile and awarded treble damages, attorneys’fees and costs to the plaintiff. Judgment entered on January 3, 1986. On September 26, 1986, the judge allowed a motion to amend the complaint and the defendant’s name to Park Auto Corp., d/b/a Downtown Motor Sales; and by adding an individual defendant. The judge also ordered judgment and execution “to reflect” the amendments. The defendant claims to be aggrieved by the amendments and the order. No service was made on Park Auto Corp., or on the individual. No attorney appeared for either.
A party who seeks to amend a complaint after final judgment should first-file a motion to alter, set aside, or vacate the judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 59 (e) or 60 (b)[1] Scott Bengar & another v. Clark Equipment Company, 24 Mass. App. 41 (1987). A motion to amend by adding defendants after judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 15[2] is addressed to the sound discretion of the trial judge. An amendment should be allowed unless some good reason appears for denying it. Scott Bengar & another v. Clark Equipment Company supra. Once a party has been added by amendment the new party, corporate or individual, must be served with process in accordance with Dist./Mun. Cts. R. Civ. P., Rule 4.[3] The order changing the judgment and execution without process and an opportunity to defend, is reversed.[4]

 Dist./Mun. Cts. R. Civ. P., Rules 59(e) and 60(b) are identical to Mass. R. Civ. P., Rule 59(e) and 60(b).

 Dist./Mun. Cts. R. Civ. P., Rule 15 is identical to Mass. R. Civ. P. Rule 15.

 Dist./Mun. Cts. R. Civ. P., Rule 4 is identical to Mass. R. Civ. P., Ruie 4 except section (i).

 It may be that this matter is moot since the judgment against the defendant, whether individual or corporate, may have been vacated.